DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 11230.  *En Banc.*  June 3, 1915.]

THE STATE OF WASHINGTON, *Appellant*, v.
C. K. STURTEVANT *et al.*, *Respondents.*[1]

NAVIGABLE WATERS—LANDS UNDER WATER—RIGHTS OF OWNER—
STATUTE.  Under 3 Rem. & Bal. Code, § 8173-1, providing that the
water boundary of second-class shore lands on navigable waters, pur-
chased from the state, when not defined in grants theretofore made,
shall be the line of ordinary navigation, and upon the lowering of
such waters by state or Federal action such water boundary shall
thereafter be held to be the line of ordinary navigation as the same
shall be found in such waters after such lowering, and granting and
confirming all such lands to such purchasers, a grant of shore lands
is made in contemplation of a change in physical conditions and
that a new line of navigability will be assimilated on a lowering of
the waters; but, until that change occurs, the established harbor
line is the limit of the fixed title of the shore owners; hence the
relative rights of shore owners and occupants of lands in front of
the present line of navigability is determined by the granting act
*supra.*

NAVIGABLE WATERS — IMPROVEMENTS — WHO MAY COMPLAIN.  Im-
provements outside the inner harbor line are presumptively in navi-
gable waters, but, where the state is the only party having a pres-
ent interest therein, a private abutting owner of the shore lands can-
not complain.

Appeal from a judgment of the superior court for King
county, Dykeman, J., entered January 2, 1913, in consoli-
dated actions to quiet title, dismissing plaintiff's cause of
action and granting affirmative relief to defendants.  Af-
firmed in part and reversed in part.

[1]Reported in 149 Pac. 33.

*The Attorney General* and *R. E. Campbell, Assistant,* for appellant.

*Farrell, Kane & Stratton* and *G. E. Steiner,* for respondents Sturtevant *et al.*

*James B. Bruen,* for respondent Powell Investment Company.

*William C. Keith (Donworth & Todd,* of counsel), for respondents Schertzer *et al.*

*Paul W. Houser, John F. Murphy, Robert H. Evans, James E. Bradford, R. S. Pierce, Preston & Thorgrimson,* and *Benton Embree, amici curiae.*

## ON REHEARING.

PER CURIAM.—The parties to this action, the Sturtevants and Schertzers, have each asked us to reconsider our decision, *State v. Sturtevant,* 76 Wash. 158, 176, 135 Pac. 1035, 138 Pac. 650.

Counsel for the Sturtevants insist that we should more accurately define the right of their clients to assert title to the land occupied by the Schertzers pending an actual physical lowering of the waters of Lake Washington; that their title, with all its incidents of exclusive possession, attaches, (a) at the theoretical line of navigation, or the inner harbor line, and that there can be no occupation in waters beyond that line which would interfere or be inconsistent with its use; (b) at the inner harbor line as it may be subsequently fixed, without reference to the time when the waters of the lake are physically lowered.

Theoretically, and if the question should be determined by reference to former decisions of this court alone, we think the proposition (b) would necessarily prevail, but we are met by the act of March 25, 1913, Laws of 1913, p. 667, ch. 183, § 1, which provides:

"In every case where the state of Washington has heretofore sold to any purchaser from the state any second class shore lands bordering upon navigable waters of this state

by description wherein the water boundary of the land so purchased is not defined, such water boundary shall be held and is hereby declared to be the line of ordinary navigation in such water; and whenever such waters have heretofore been or shall hereafter be lowered by any action done or authorized either by the state of Washington or the United States such water boundary shall thereafter be held and is hereby declared to be the line of ordinary navigation as the same shall be found in such waters after such lowering, and there is hereby granted and confirmed to every such purchaser, his heirs and assigns, all such lands." (3 Rem. & Bal. Code, § 8173-1.)

Under the accepted rules of construction, we are required to give effect to all of the provisions of the act quoted. The legislature has assumed to say when the title to the new made lands shall attach. It says "after such lowering." Whatever title the owner of shore lands takes to the new lands made by the lowering of the waters of Lake Washington is granted by the act of 1913. They are not taken by purchase, except as the grant is made to relate back to the original deed. The act is not only a grant, but a confirmation of the grant. This being so, it was well within the power of the legislature to fix a time for the enjoyment of the grant. The grant is made in consequence of a contemplated change in physical conditions. Until these changes occur, the owners of the present shore lands cannot complain, for their title is floating and will not attach until the situation contemplated in the grant has become a fixed condition. In the meantime, the line of navigability, i. e., the present or formerly established harbor line, is the limit of the fixed title of the shore owners. When the new inner harbor line is fixed and the waters are actually lowered, it would assimilate the line of navigability without reference to the depth of the water over which it is run.

It seems to us that these conclusions are sufficiently clear in our opinion and the opinion on rehearing. If not, it may now be understood that it was our intent and, as we thought,

our holding, that whatever the rights of the Sturtevants may
have been under our former decisions, the legislature has
made the time when the grant attaches depend upon a future
happening of a physical fact, and the present relative rights
of the parties as to occupancy of the lands in front of the
present line of navigability or inner harbor line is deter-
mined by such granting act, and not as we would have held,
that is, proposition (b), had it not been for the act of 1913.

As for proposition (a), improvements outside of the inner
harbor line are presumptively in the navigable waters of the
lake. The state is the only party having a present interest
therein and it is not complaining.

The Schertzers invite us to reconsider the question of *res
judicata*. We have done so, and are satisfied with our former
holding.

The petitions of the respective parties are denied.